FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 11 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
GREGORY GREENE,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-5091 (CBA)
15-CR-395 (CBA)✓

**AMON, United States District Judge:**

Petitioner Gregory Greene, pro se, has filed a "Motion for Permission to File a Out of Time Application," seeking to extend his time to appeal this Court's May 25, 2018 order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (D.E. # 63.) Because the Court concludes that it lacks jurisdiction to grant the extension, Greene's motion is denied.

## BACKGROUND

On August 10, 2016, following Greene's guilty plea, the Court sentenced Greene to concurrent sentences of 66 months' imprisonment for conspiracy to defraud the United States in violation of 18 U.S.C. § 286 and 60 months' imprisonment for conspiracy to steal property of the United States in violation of 18 U.S.C. § 371. (D.E. #41.) The Court also directed Greene to pay $551,539 in restitution to the United States. (Id.)

On August 18, 2016, Greene appealed his sentence, contending that this Court failed to account for factors in his background that influenced his upbringing. (D.E. # 43.) On September 8, 2016, Greene also moved for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that (1) his guilty plea was involuntary, and (2) counsel was ineffective. (D.E. # 44.) This Court held Greene's § 2255 petition in abeyance pending the resolution of his direct appeal. (D.E. dated 11/1/2016.) On June 28, 2017, the Second

1

Circuit dismissed Greene's appeal, concluding that Greene had "knowingly and voluntarily signed a valid and enforceable appellate waiver as part of his written plea agreement." United States v. Greene, 692 F. App'x 69 (2d Cir. 2017).

On May 25, 2018, this Court denied Greene's § 2255 petition, concluding that (1) Greene's plea was knowing and voluntary, and (2) counsel was not ineffective. (D.E. # 60.) The Clerk's Office mailed a copy of the Court's order to Greene's address on record. On August 14, 2018, the Court received a letter request from Greene to rule on his § 2255 petition. (D.E. #61.) The Clerk's Office then mailed a copy of the May 25, 2018 order to Greene's updated address at the Danbury Federal Correctional Institution.

On September 17, 2018, the Court received Greene's "Motion for Permission to File a Out of Time Application" based on "excusable neglect or good cause." (D.E. # 63.) Greene explained that he did not receive a copy of this Court's May 25, 2018 order denying his § 2255 petition until August 22, 2018. (Id.) On September 26, 2018, the Court directed Greene to advise the Court, in writing, of the date on which he submitted his "Motion for Permission to File a Out of Time Application" to prison officials for mailing. (D.E. #62.) By letter dated October 15, 2018, Greene advised the Court that he submitted his motion to prison officials for mailing on September 9, 2018. (D.E. # 64.) Green also renewed his request for an extension of time to file his notice of appeal. (Id.)

## DISCUSSION

Under the prison mailbox rule, "a prisoner appearing pro se satisfies the time limit for filing a notice of appeal if he delivers the notice to prison officials within the time specified." Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001). The rule applies to "a variety of circumstances"—including administrative filings, service of discovery responses, motions for reconsideration, motions for

2

new trials, and writs of habeas corpus—and "is justified by the litigant's dependence on the prison mail system and lack of counsel to assure timely filing with the court." Id. In this case, the Court applies the prison mailbox rule and construes Greene's motion as filed on September 9, 2018—the date he delivered his motion to prison officials for mailing, (D.E. # 64)—for purposes of calculating the limitations period.

The time limitations prescribed by Federal Rule of Appellate Procedure 4 that are codified by statute are jurisdictional. See 28 U.S.C. § 2107(c); Bowles v. Russell, 551 U.S. 205, 214 (2007) (holding that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement"). Such jurisdictional time limits, mandated by statute, "are not subject to waiver or equitable exception." Weitzner v. Cynosure, Inc., 802 F.3d 307, 310 (2d Cir. 2015) (interpreting Bowles).

### I. Rule 4(a)(5)

Under Rule 4(a)(5), the "district court may extend the time to file a notice of appeal if":

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5). These time limitations are codified by statute. See 28 U.S.C. § 2107(c); Bowles, 551 U.S. at 212–13. Rule 4(a)(1) prescribes that "[t]he notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is ... the United States." Construing subsections (a)(1) and (a)(5) in tandem, a "Rule 4(a)(5) motion to extend must be filed within the 30-day grace period immediately following the original ... appeal period, or the district court is without power to grant an extension." Millhouse v. N.Y. State Dep't of Corr. Servs., 439 F. App'x 41, 42 (2d Cir. 2011); see also Martinez v. Hoke, 38

3

F.3d 655, 656 (2d Cir. 1994) (per curiam) ("The district court lacks jurisdiction under Rule 4(a)(5) to grant a motion that is filed beyond the 30–day extension period.").

In this case, the Court concludes that it lacks jurisdiction to grant Greene's extension request under Rule 4(a)(5). Id. Greene had 90 days after the entry of the May 25, 2018 order—until August 23, 2018—to move for an extension under Rule 4(a)(5). The 90-day period includes the initial 60-day appeals period and Rule 4(a)(5)'s 30-day grace period. Greene did not file his motion until September 9, 2018. The Court therefore is "without power to grant an extension" of Greene's time to appeal under Rule 4(a)(5). Millhouse, 439 F. App'x at 42.

## II. Rule 4(a)(6)

The Court has also considered whether it may extend Greene's time to appeal under Rule 4(a)(6). Under Rule 4(a)(6), the "district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied":

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). These time limitations are codified by statute. See 28 U.S.C. § 2107(c); Bowles, 551 U.S. at 212–13. The "purpose of the rule was to ease strict sanctions on litigants who had failed to receive notice of the entry of judgment in order to file a timely notice of appeal, whether the fault lay with the clerk or other factors beyond the litigants' control, such as the Postal Service." In re WorldCom, Inc., 708 F.3d 327, 336 (2d Cir. 2013). Notwithstanding the general

purpose of the rule, however, the Court may exercise its discretion to grant relief "only if all the . . . conditions are satisfied." Fed. R. App. P. 4(a)(6); see Porter ex rel. R.B. v. City of N.Y., 380 F. App'x 73, 75 (2d Cir. 2010) (pro se litigant was ineligible for extension of time under Rule 4(a)(6) where he received notice of final judgment after visiting the district court in person, but filed motion for extension outside Rule 4(a)(6)'s time limit).

The Court also concludes that it lacks jurisdiction to grant Greene's extension request under Rule 4(a)(6). Under the first of the three conditions, Greene's motion must have been filed "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6)(B) (emphasis added). Greene admits that he received a copy of the Court's May 25, 2018 order on August 22, 2018. (D.E. # 63.) He then had 14 days to file his motion for an extension—until September 5, 2018—but he did not file his motion until September 9, 2018. (D.E. # 64.) Rule 4(a)(6) directs the Court to apply this "earlier" deadline, rather than the date falling 180 days after the date of the order. See Fed. R. App. P 4(a)(6)(B). Under the applicable deadline, Greene is "ineligible" for an extension of time under Rule 4(a)(6). Porter, 380 F. App'x at 75.

Because the Court concludes that it lacks jurisdiction to extend Greene's time to appeal under either Rule 4(a)(5) or Rule 4(a)(6), and because it may not consider the equities, see Weitzner, 802 F.3d at 310, Greene's motion is denied.

SO ORDERED.

Dated: December _10_, 2018
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge