Clerk's Office
Filed Date: 1/27/2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

GREGORY GREENE,
          Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CR-395 (CBA)

**AMON, United States District Judge:**

## BACKGROUND

On August 10, 2016, I sentenced Gregory Greene ("Greene") to 66 months of imprisonment, followed by three years of supervised release, after he pled guilty to conspiracy to defraud the Government in violation of 18 U.S.C. § 286 and conspiracy to steal property of the United States in violation of 18 U.S.C. § 371 for his role in a tax refund fraud scheme. (ECF Docket Entry ("D.E.") # 41.) As a result of the fraud scheme, the Government suffered $861,582 in actual losses, (D.E. # 33 at 5; D.E. # 31 at 5), and I ordered Greene to pay $200 as a special assessment and $551,539 in restitution, (D.E. # 41). Greene completed his term of imprisonment and began his term of supervised release on October 15, 2020. (D.E. # 72 ("Mot.") at 1.) On November 23, 2021, proceeding pro se, Greene filed a motion for early termination of his supervised release. (Id.) On December 9, 2021, the U.S. Probation Department ("Probation") submitted a letter recommending that I deny Greene's request for early termination. (D.E. # 74 ("Probation Letter").) On December 14, 2021, the Government filed a response, also opposing Greene's request for early termination. (D.E. # 75 ("Opp'n").)

For the following reasons, Greene's motion for early termination of supervised release is DENIED.

## DISCUSSION

Early termination of probation is governed by federal statute. Per 18 U.S.C. § 3583(e)(1), a court may choose to "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." However, the court may only make this determination after considering the sentencing factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). See 18 U.S.C. § 3583(e). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . (5) any pertinent policy statement [issued by the Sentencing Commission] . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these aforementioned factors as applied to Greene's circumstances, I have determined that they do not weigh in favor of granting early termination of his supervised release. For one, I agree with the Government's argument the "nature and circumstances of [Greene's] offense and [his] history and characteristics," 18 U.S.C. § 3553(a)(1), counsel against early termination. (See Opp'n 3.) As I noted when I considered these factors at the time of Greene's sentencing, his tax fraud scheme involved filing at least 2,000 false tax returns, so the criminal activity was both serious and extensive, (D.E. # 55 ("Sent'g Tr.") at 25:3-4), and Greene both "was the principal of this fraud," (id. at 26:1), and "benefitted the most substantially from the

fraud," (id. at 25:6.). Additionally, Greene already had an extensive criminal record at the time of sentencing, involving not only drug convictions but other fraud crimes, including tax fraud and possession of counterfeit money. (Id. at 25:12-18.) The fact that Greene was previously involved in fraud crimes and still chose to participate in this scheme suggests that there is, indeed, a need for his full sentence to be imposed in order to adequately deter his participation in future criminal acts of fraud. See 18 U.S.C. 3553(a)(2)(B).

Furthermore, since Greene does not appear to be fully compliant with the terms of his supervised release,[1] I do not think that early termination is either "warranted by [his] conduct," or in "the interest of justice." 18 U.S.C. 3583(e). At the time of sentencing, I noted that Greene was to comply with the restitution order as one of the special conditions of his supervised release. (Sent'g Tr. 27:20-21.) The order requires that Greene pay 10 percent of his gross monthly income as restitution while on supervised release. (Id. at 27:9-10.) However, Probation noted that Greene's most recent monthly restitution payments have been in the amount of $50, even though "[b]ased on the rental income alone, he should be submitting at least $100 payment per month towards the restitution amount."[2] (Probation Letter 2.) The Government also stressed Greene's

---

[1] In addition to arguing that Greene has not complied with his supervised release conditions because he failed to adequately make restitution payments, both the Government and Probation claim that Greene's inability to secure full-time employment is further evidence of his non-compliance. I disagree with their argument and want to make clear that Greene's inability to find a full-time job does not contribute to my decision to deny early termination of his supervised release. As a special condition for Greene's supervised release, I required that Greene "maintain full time verifiable employment and/or participate in educational or vocational training programs." (Sent'g Tr. 27:18-20.) The "and/or" language makes clear that Greene does not need to maintain full-time employment in addition to participating in educational or vocational training. Moreover, there appears to be a dispute over whether Greene is, in fact, employed. Probation asserts that "[f]or the duration of his supervised release, Greene has not been formally employed," (Probation Letter 1), as does the Government, (Opp'n 4). Greene asserts in his papers that not only has he "continued to pursue [his] own education as a Leed Certified Green Associate," (Mot. 5), but he is also "employed in a family-owned business," (id. at 6). Also, at least one letter of recommendation makes reference to his employment. (Id. Ex. I.)

[2] Probation did note that its office "is in the process of reviewing [Greene's] financial profile along with seeking consultation with the Financial Litigation Unit of the U.S. Attorney's Office" and is also "still in the process of consulting with the Internal Rev[enue] Service in regard to [Greene's] compliance with income tax returns." (Probation Letter 2.) However, as I note above, I have received no further information from Probation, Greene, or any other party to indicate that Greene is paying the required 10 percent of his monthly income towards restitution.

"failure to pay the required restitution amounts" in its opposition to his request for early termination of his supervised release. (Opp'n at 4.) Greene has failed to file a reply; thus, he has failed to provide any information to refute the Government's and Probation's assertions that he has not been paying the restitution amount required as a special condition of his supervised release. Moreover, "the need to provide restitution to any victims of the offense" is one of the § 3553(a) factors that I must consider, so Greene's failure to pay adequate monthly restitution further counsels in favor of denying his request for early termination of his supervised release.

Even if Greene were in full compliance, that alone would not necessarily warrant early termination of his supervised release. Courts in this district have recognized that a petitioner's mere "compliance with the conditions of his probation . . . is insufficient to warrant early termination." United States v. Leone, No. 02-cv-528 (TCP), 2013 WL 867527, at *2 (E.D.N.Y. Mar. 4, 2013); see also United States v. Lewis, No. 13-cr-487 (CBA), 2020 WL 1275233, at *2 (E.D.N.Y Mar. 17, 2020) (holding that since the petitioner had "established only that he has complied with the specific terms of his probation and has continued to stay out of trouble," he did not "warrant early termination of his supervised release"). Greene, however, has not even satisfied basic compliance, and, as such, I find it particularly inappropriate to terminate his supervised release. Although Greene has provided several reference letters attesting to his positive contributions to his community following his release from prison—and I commend him for these achievements—these recommendations do not change the fact that neither the § 3553(a) factors nor his post-release conduct support the early termination of his supervised release.

## CONCLUSION

For the reasons stated above, Greene's motion for early termination of his supervised release is DENIED.

SO ORDERED.

Dated: January 27, 2022
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge